■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GLENN, Appellant.— Order entered January 21, 1969 unanimously modified on the law and the facts to the extent of ordering a hearing to determine whether petitioner's plea of guilty was voluntary or coerced by a threat of the Trial Justice as claimed by him, and otherwise affirmed. Petitioner pleaded guilty to murder in the second degree on June 26, 1962 under an indictment for first degree murder. No appeal was taken from that judgment. In his petition filed January 7, 1969, petitioner sought *coram nobis* relief on three allegations not previously made on prior attempts at post-conviction relief, two of which are pursued on this appeal: that his guilty plea was coerced by a threat of the Trial Justice in a robing room conference prior to the plea; and that he was mentally incompetent at the time he pleaded guilty. His application was denied without a hearing by the court below. The District Attorney commendably concedes, and we agree, that petitioner is entitled to a hearing on the allegations of coercion by the Trial Justice. On the other hand, it clearly appears that petitioner's allegations and the records concerning his mental competence at the time of the plea are insufficient to warrant a hearing on that issue. Petitioner's allegation that the Trial Justice told him that while he was not making any promise as to sentence, the last person who refused to plead guilty before him was given a sentence of 50 years to life, if established, would entitle petitioner to *coram nobis* relief. (See, e.g., *People* v. *Huarneck*, 22 A D 2d 651.) Petitioner's *coram nobis* application was decided by the Trial Justice who denied it without a hearing. In his opinion, he denied having made the alleged oblique threat of 50 years to life. This denial by the court cannot be held sufficient to dispense with a hearing. (See *People* v. *Pearson*, 12 N Y 2d 978; *People* v. *Dates*, 26 A D 2d 529.) That petitioner, at the time of his plea, stated on the record that no promise had been made to him and made no complaint of any threat at that time, should not be deemed sufficient to refute the allegations contained in his petition as a matter of law. (See *People* v. *Glasper*, 14 N Y 2d 893.) The hear-

ing to be held pursuant to our direction should be presided over by a Justice other than the Trial Justice, for it is possible, if not probable, that he may be called as a witness. We find no merit to petitioner's contention that he should have been granted a hearing on his allegation of mental incompetence at the time of plea. He had been previously committed for psychiatric examination at Bellevue Hospital and the court had the reports of several psychiatrists certifying petitioner as sane, without psychosis and capable of understanding the charge against·him and making his defense. These reports were not challenged by petitioner as was his right. Many recent Court of Appeals decisions have denied hearings on the issue of mental incompetence on allegations more substantial than those at bar. (See *People* v. *Caldo,* 24 N Y 2d 847; *People* v. *Quinones,* 21 N Y 2d 885; *People* v. *Gonzalez,* 20 N Y 2d 289; *People* v. *Sprague,* 11 N Y 2d 951; *People* v. *Boundy,* 10 N Y 2d 518.) Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and Steuer, JJ.